

# IN THE
# TENTH COURT OF APPEALS

No. 10-12-00171-CR
No. 10-12-00172-CR
No. 10-12-00173-CR
No. 10-12-00174-CR
No. 10-12-00175-CR

**TROY THOELE,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

From the 272nd District Court
Brazos County, Texas
Trial Court Nos. 11-03883-CRF-272, 11-03884-CRF-272, 11-03885-CRF-272,
11-03886-CRF-272 and 11-03887-CRF-272

## MEMORANDUM  OPINION

Following open pleas of guilty in five separate cause numbers, appellant, Troy Daniel Thoele, was convicted of unlawful possession of child pornography, a third-degree felony.  *See* TEX. PENAL CODE ANN. § 43.26(a) (West Supp. 2012).  In each cause number, the indictment alleged ten counts; therefore, appellant pleaded guilty to fifty

counts of unlawful possession of child pornography. *See id.* The trial court accepted appellant's pleas and found him guilty on all counts. Appellant was sentenced to ten years' confinement on forty-eight of the counts with the sentences ordered to run concurrently. However, appellant received a five-year sentence on count 2 and a ten-year sentence on count 3 of the indictment in appellate cause number 10-12-00171-CR. These sentences were ordered to run consecutively with the sentences imposed in the other forty-eight counts. Appellant appeals in each of the five appellate cause numbers, and we affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed briefs with this Court, addressing each of the five appellate cause numbers and stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Accompanying counsel's briefs are motions to withdraw for each appellate cause number. Counsel's briefs constitute a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced in any of the appeals. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in any of the trial court's judgments. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance in any of the five appeals; (2) served a copy of the briefs and counsel's motions to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response in each appellate cause number.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. On October 22, 2012, appellant filed a pro se response to counsel's *Anders* briefs.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record, counsel's briefs, and appellant's pro se response and have found nothing that would arguably support an appeal in any of the appellate cause numbers. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgments of the trial court are affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant in each appellate cause number. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review in each appellate cause number.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file petitions for discretionary review or must file pro se petitions for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 15, 2012
Do not publish
[CR25]